IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMMIEL Z. CORNISH,

        Plaintiff,

    v.

MULTNOMAH COUNTY SHERIFF'S DEPARTMENT, VALDOVINOS, TIFFANY, ENGEL, and SACIROVIC,

        Defendants.

Case No. 3:20-cv-00317-MO

OPINION AND ORDER

MOSMAN, District Judge.

Defendants in this prisoner civil rights case move for summary judgment. Because Plaintiff failed to exhaust his administrative remedies prior to filing this case, the Motion for Summary Judgment (#25) is granted.

## BACKGROUND

On February 26, 2020, Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants refused to assist him with harassment and assaults he suffered at the Multnomah County Detention Center. He further

1 - OPINION AND ORDER

alleges that Defendants not only failed to help him, but they, too, assaulted him and paid other inmates to assault him and steal money from his commissary fund. Defendants move for summary judgment based upon Plaintiff's failure to exhaust his administrative remedies.[1]

## STANDARDS

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (quoting Fed. R. Civ. P. 56(c)).

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then moves to the opposing party, who must present

---

[1] Initially, Defendants also sought summary judgment based upon Plaintiff's purported failure to state a claim, but they withdrew that argument in their Reply brief. Reply (#29), p. 2.

2 – OPINION AND ORDER

significant probative evidence tending to support its claim or defense.'" *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987)). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Rather, he must come forward with sufficient evidence demonstrating to the Court that there are genuine issues of material fact to be decided at trial. Fed. R. Civ. P. 56(e).

The opposing party may not simply rely upon the pleadings to designate specific facts establishing a genuine issue for trial. *Id*; *see also Celotex Corp.*, 477 U.S. at 324. Instead, he must demonstrate the existence of a genuine issue of material fact through the use of affidavits, depositions, answers to interrogatories, and admissions. *Celotex Corp.*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). If "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

///

///

3 - OPINION AND ORDER

## DISCUSSION

Defendants assert that they are entitled to summary judgment because Plaintiff failed to exhaust the administrative remedies available to him at the Multnomah County Detention Center. The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner does not satisfy the PLRA's exhaustion requirement by merely demonstrating that administrative remedies are no longer available. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Instead, he must properly exhaust his administrative remedies prior to filing a suit challenging the conditions of his confinement. *Id* at 85. The exhaustion requirement is mandatory, even when the prisoner seeks relief not available in grievance proceedings. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The Multnomah County Sheriff's Office developed a grievance process which allows prisoners the opportunity to raise concerns pertaining to their incarceration. An inmate may file a grievance within five days of the incident giving rise to the

4 - OPINION AND ORDER

grievance. If he is unsatisfied with the response, he may appeal the result to the Facility Commander. If the inmate is still dissatisfied following the Facility Commander's decision, he may appeal to the Chief Deputy of Corrections. Declaration of Brandon Pedro, Exhibit 1, pp. 10-11. Once an inmate completes this third step of the administrative review process, he has exhausted his remedies.

In this case, Plaintiff did not file a grievance with respect to any of the issues he raises in his Complaint. Pedro Declaration, ¶ 6, Exhibit 3. Although he claims in his briefing that Defendants Engal and Valdovinos showed his grievances to gang members before throwing them in the trash, nothing in the record supports this unsworn contention. To the contrary, the record reveals not only that Multnomah County Sheriff's Deputies are trained to provide grievances upon request, but the rotating shifts within the Detention Center ensure that if an inmate wishes to file a grievance against a particular officer, he will have the opportunity do so when that officer is not working. Declaration of Captain Jeffrey Wheeler, ¶¶ 6-9.

In addition, the evidence in the record shows Plaintiff was able to file eight separate grievances at the Multnomah County Detention Center. Pedro Declaration, Exhibit 3. Although none of

5 - OPINION AND ORDER

these grievances pertain to the claims in Plaintiff's Complaint, this record belies his unsworn assertion that staff at the Detention Center refused to process his grievances when he filled them out.

The evidence in the record does not support the conclusion that Plaintiff exhausted his administrative remedies, or that he should be excused from the exhaustion requirement. Accordingly, Defendants are entitled to summary judgment and the Complaint is dismissed without prejudice. *See McKinney v. Carey,* 311 F.3d 1198, 1200-1201 (9th Cir. 2002) (dismissals for lack of exhaustion are without prejudice).

## **CONCLUSION**

Defendant's Motion for Summary Judgment (#25) is granted, and Plaintiff's Complaint (#2) is dismissed without prejudice.

IT IS SO ORDERED.

DATED this  9th  day of March, 2021.

*Michael W. Mosman*
Michael W. Mosman
United States District Judge

6 - OPINION AND ORDER